UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>KEVIN RALPH NIXON,<br><br>        Defendant. | Case No. 4:19-cr-00273-DCN-2<br><br>**REPORT AND RECOMMENDATION** |

On July 27, 2021, Defendant Kevin Ralph Nixon appeared before the undersigned United States Magistrate Judge to enter a plea pursuant to a written plea agreement. The Defendant executed a waiver of the right to have the presiding United States District Judge take his plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Superseding Information (Dkt. 79), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States Probation

Office.

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

Prior to Defendant's arraignment on August 30, 2019, the Government had moved for detention. (Dkt. 7.) At Defendant's arraignment, an order of temporary detention was entered and a detention hearing was set. (Dkt. 9, 12.) A detention hearing was held on September 4, 2019, before Magistrate Judge Ronald E. Bush. At the detention hearing, the Government withdrew its motion for detention, and stipulated to conditions of release. (Dkt. 19.) The Court released Defendant on several conditions, which included obtaining medical or mental health treatment, submission to testing for prohibited substances, and participation in substance abuse treatment or counseling. (Dkt. 20.)

On July 26, 2021, Pretrial Services filed a Release Status Report with the Court. (Dkt. 87.) Pretrial Services reports that, on April 17, 2021, Defendant was charged in Bonneville County case No. CR10-21-04177 with Possession of a Controlled Substance, a felony, and Use or Possess with Intent to Use Drug Paraphernalia, a misdemeanor. On April 20, 2021, a Petition on Pretrial Release was filed alleging the new charges as violation conduct. On April 30, 2021, the charges in case number CR10-21-4177 were

dismissed pursuant to a Motion for Dismissal filed by the State. On May 4, 2021, the defendant appeared before the Honorable Ronald E. Bush for an Initial Appearance on the Petition on Pretrial Release. The allegations contained in the Petition were dismissed by the Court and Defendant was returned to pretrial supervision. Other than these state charges which were ultimately dismissed, Defendant has been compliant with all terms of pretrial release, which includes attending outpatient substance use disorder treatment, mental health treatment, and participation in drug testing. Pretrial Services reports that Defendant "has a positive attitude and there have been no issues of non-compliance since." Pretrial Services recommends that Defendant's conditions of pretrial supervision remain unchanged.

At the time of the plea hearing, the Government stated that it did not oppose Defendant's continued release pending imposition of sentencing. The Government further indicated that it does not have information or reason to believe Defendant is at an enhanced risk of flight or danger to the community at this time.

As proffered by Defendant's counsel both prior to and at the hearing, Defendant has significant mental health and physical health issues for which he is currently being treated. For treatment of his mental health conditions, Defendant participates in both group and individual treatment every week. Defendant suffers also from a variety of physical health impairments, which require regular care and maintenance from physicians and other medical providers. To treat his mental and physical health conditions, Defendant requires management of his medication regimen. Other than his arrest on April

**REPORT AND RECOMMENDATION - 3**

17, 2021, which charges were ultimately dismissed, Defendant has maintained compliance with conditions of pretrial supervision.

Upon consideration of the totality of the circumstances presented in this case, including the conditions of release and the disruption in the course of treatment of Defendant's multiple and serious medical conditions that would occur with detention pending imposition of sentencing, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant Kevin Ralph Nixon's plea of guilty to Count 1 of the Superseding Information (Dkt. 79);

2) The District Court order forfeiture consistent with Defendant Kevin Ralph Nixon's admission to the Criminal Forfeiture allegation in the Superseding Information (Dkt. 79) and the Plea Agreement;

3) The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss the Indictment (Dkt. 1) as to Defendant; and

4) The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release (Dkt. 20).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: July 27, 2021

_____
CANDY WAGAHOFF DALE
CHIEF U.S. MAGISTRATE JUDGE

**REPORT AND RECOMMENDATION - 5**